IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO.: 4:17-cv-9

| | |
|---|---|
| AMERICAN RELIABLE INSURANCE COMPANY | ) ) ) |
| **Plaintiff** | ) ) |
| v. | ) ) |
| JAMES ALLEN HINDS | ) ) |
| **Defendant.** | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff American Reliable Insurance Company (hereinafter "American Reliable"), pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, hereby files this complaint seeking a declaratory judgment.

## Parties

1. American Reliable is a corporation organized and existing pursuant to the laws of the State of Arizona, and it maintains a principal place of business in Scottsdale, Arizona.

2. Defendant James Allen Hinds owns property located in North Carolina at 4425 Arendell Street, #609 Harborside Club, Morehead City, NC 28557, Carteret County, North Carolina.

3. Defendant James Allen Hinds does and has conducted business in the State of North Carolina either personally and/or through Tale Dancers, Inc.

4. Upon information and belief, James Allen Hinds is either a resident of Florida or a resident of North Carolina.

## Jurisdiction and Venue

5. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because this dispute is between a corporation organized and existing pursuant to the laws of the State of Arizona and which maintains its principal place of business in the State of Arizona and a citizen of a State other than Arizona. Defendants are completely diverse, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. There are minimum contacts between the Defendant and this State for purposes of conferring personal jurisdiction of this Court over the Defendant, and those minimum contacts between the Defendant and this State are related to the subject litigation and the Underlying Action.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this district.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant Hinds is subject to the Court's personal jurisdiction with respect to such action.

## Nature of the Action

9. This action for declaratory relief is brought pursuant to Rule 57 of the Federal Rules of Civil Procedure.

10. American Reliable seeks a declaration by this Court concerning its rights and obligations under a Watercraft Policy providing general liability insurance for damages that may be assessed against the insured as a result of the Complaint filed by Albert G. Vandermeer as set forth below.

## Underlying Complaint and Tort Litigation

11. On September 29, 2015, Albert G. Vandermeer filed a Complaint in the United States District Court for the Eastern District of North Carolina, Eastern Division, In Admiralty,

Case No. 4:15-CV-153-D, against M/V Charazz (ex – Sip'n Tim)(NC 7055 DF (Hin# RPGUSA13A900), and Grand Slam Yacht & Boat Sales, LLC, Wilson Carlyle Gay and James Allen Hinds. ("Underlying Action").

12. The Underlying Action alleges, among other things, that Defendant Hinds was negligent in the operation of the subject Vessel, and that such negligence was a proximate cause of the injuries allegedly sustained by Mr. Vandermeer.

13. A copy of the Complaint in the Underlying Action is attached hereto as Exhibit A.

14. Defendant James Allen Hinds, through his counsel, has requested American Reliable defend him in the allegations asserted in the Underlying Action filed in the Eastern District of North Carolina.

**Facts**

15. On or about June 28, 2012, Dr. Wilton Gay entered into a contract with Grand Slam Yacht & Boat Sales ("Grand Slam") to market and sell his vessel, a thirty-foot Rampage (the "Vessel").

16. Grand Slam contracted with Tale Dancer Charters, Inc. as an independent contractor to assist in brokering and selling the insured's vessel via a commissioned sales arrangement.

17. Defendant James Allen Hinds is the owner of Tale Dancer, LLC.

18. On January 13, 2013, James Rasmussen, entered into a sales contract with Dr. Gay.

19. Pursuant to the terms of that contract, Mr. Rasmussen had a right to sea trial the Vessel before completing the transaction.

20. On February 2, 2013, Mr. Hinds took Mr. Rasmussen to sea trial the Vessel.

21. During the course of the sea trial, Mr. Hinds ran the vehicle on to a sandbar in the intracoastal waterway, causing it to come to a sudden stop.

22. The sudden stop allegedly caused Mr. Vandermeer to be thrown forward, which he claims resulted in personal injury.

23. At all pertinent times, Defendant Hinds was acting as a commissioned salesman regarding the brokering and sale of the vessel for Mr. Gay.

24. At the time of the accident, Defendant Hinds was acting in his capacity as the owner of Tale Dancer Charters, Inc. connected with the sale of the vessel.

25. Defendant Hinds was a person or organization or employee operating or owning a sales agency at the time of the accident.

26. Defendant Hinds was paid a commission from the sale of the Vessel.

### **The Insurance Policy**

27. American Reliable reasserts and incorporates by reference herein the allegations set forth in paragraphs 1-26.

28. American Reliable issued a Watercraft Policy, policy number USB253702-03, to Carlyle G. Gay providing general liability coverage for accidents which arose out of the ownership, maintenance or use of the Vessel.

29. The Watercraft Policy was in effect from February 17, 2012 through February 17, 2013, and was in effect on the date of the accident which is the subject of the Underlying Action.

30. The insuring agreement contains the following pertinent terms in Section B - Watercraft Liability, 1. Coverage Provided.

We will pay for damages for bodily injury or property damage for which any **Insured Person** becomes legally liable through the ownership, maintenance or use of the **Insured Watercraft**. This includes . . .

    b.    Damage or losses resulting from any one accident or occurrence; . . .

31.    The Watercraft Policy contains the following pertinent terms in Section B: 2. Limits of Liability

If a claim is made or a suit brought against an **Insured Person** for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will:

**a.**    Pay up to our limit of liability for the damages for which the **Insured Person** is legally liable; and

**b.**    Provide a defense at our expense by counsel of our choice.

We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the occurrence, equals our limit of liability.

32.    The insuring agreement contains the following pertinent definitions:

    **6. Insured Person** means **You**, a **Family Member** or any other person or organization using the **Insured Watercraft** with **Your** prior permission, without charge. It does not include any person or organization or employee thereof operating or owning a salvor or towing service, yacht club, boat repair yard, shipyard, marina, sales agency or similar business. Insurance

provided other persons or organizations under this policy does not cover their liability to **You** or to **Your** spouse.

33. The insuring agreement contains the following exclusion or condition:

    **4. NO BENEFIT TO OTHERS**

    No person or organization having custody of the **Insured Watercraft** and being paid for services shall benefit from this insurance

34. The coverage afforded under the Watercraft policy only applies to an Insured Person as that term is defined by the insuring agreement.

35. A true and accurate certified copy of the American Reliable policy is attached to this complaint as Exhibit B.

36. The allegations and admissions contained in the pleadings in the Underlying Action evidence that Defendant Hinds does not meet the policy definition of Insured Person.

37. Because Defendant Hinds does not meet the policy definition of Insured Person within the insuring agreement in the Watercraft Policy, American Reliable has no obligation to provide liability coverage to Defendant Hinds under the Watercraft Policy, including without limitation defense of and/or indemnification with respect to the Underlying Tort Claim or the matters alleged therein.

38. Because Defendant Hinds received a benefit for services, Defendant Hinds is not entitled to coverage under the Watercraft Policy. American Reliable, therefore, has no obligation to provide liability coverage to Defendant Hinds under the Watercraft Policy, including without limitation defense of and/or indemnification with respect to the Underlying Tort Claim or the matters alleged therein.

### Declaratory Relief Sought

39. American Reliable reasserts and incorporates by reference herein the allegations set forth in paragraphs 1-38.

40. Upon information and belief, Defendant Hinds contends that he is entitled to defense and indemnification under the American Reliable Watercraft Policy for the damages sought against him in the Underlying Action.

41. American Reliable is entitled to a declaration from this Court that the American Reliable Watercraft Policy does not afford coverage for any damages sought against Defendant Hinds in the Underlying Action; that American Reliable has no duty to defend or indemnify Defendant Hinds for any settlement or judgment against him in the Underlying Action; and that American Reliable is entitled to reimbursement for any defense costs and indemnity costs from Defendant Hinds and/or any other insurer defendant that is deemed to provide coverage for the damages sought against Defendant Hinds in the Underlying Action.

42. A real and justiciable controversy exists between American Reliable and Defendant Hinds necessitating judicial determination of the rights and responsibilities of American Reliable.

**WHEREFORE,** American Reliable hereby requests a judgment be entered as follows**:**

1. That the Court take jurisdiction of this action.

2. That an Order be entered pursuant to Rule 57 of the Federal Rules of Civil Procedure declaring that American Reliable has no duty to defend or indemnify James Allen Hinds under the Watercraft Policy with respect to the Underlying Action or the matters alleged therein;

3. That the Court declare and adjudicate all other rights and obligations between the parties under the American Reliable Policy.

00212W.00002 - Doc. No. 57

4. That American Reliable have and recover its costs for moving for and obtaining the declaratory relief requested herein; and

5. For such other and further equitable, legal and declaratory relief as the Court may deem just and proper.

**THIS THE 18th DAY OF January, 2017.**

/s/ **PATRICIA S. SHIELDS**
**NC State Bar No. 13005**
**pshields@hedrickgardner.com**

/s/ **LAURA M. FORREST**
**NC State Bar No. 45194**
**lforrest@hedrickgardner.com**

**Attorneys for Defendant**
**Hedrick Gardner Kincheloe & Garofalo, LLP**
**4131 Parklake Avenue**
**Suite 300**
**Raleigh, NC 27612**